**FILED**

JUN 1 1 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON W. MARBURY-BEY, )
)
        Petitioner, )
)
v. )   Civil Action No. **12 0947**
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition. The Court will grant the application and dismiss the petition.

It appears that petitioner waived his right to a trial, *see* Pet., Attach. 2 (Waiver of Trial by Jury or Court Upon Entry of Guilty Plea dated November 17, 2003), and entered a plea of guilty to one count of attempted distribution of heroin for which the Superior Court of the District of Columbia imposed a term of incarceration. *See id.*, Attach. 4 (Judgment in a Criminal Case, *United States v. Marbury*, No. F8069-02 (D.C. Super. Ct. Jan. 20, 2004)). Generally, petitioner alleges that errors occurred regarding his guilty plea: ineffective assistance of defense counsel on whose advice petitioner accepted the plea offer, proceedings which did not comport with Rule 11 of the Superior Court Criminal Rules, and breach of the plea agreement through the imposition of a sentence which differed from that set out in the agreement. *See* Pet. at 3.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a),

and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a).").

The claims set forth in the petition properly are addressed by the Superior Court. Nothing in the petition suggests that the petitioner's available remedy under D.C. Code § 23-110 is inadequate or ineffective. His lack of success in his previous attempt to collaterally attack his conviction and sentence does not render his local remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

The petition fails to state a claim upon which relief can be granted, and it will be dismissed. An Order accompanies this Memorandum Opinion.

/s/ *[signature]*
United States District Judge

DATE: 6/6/12